UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELA MARIE BOVO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KING COUNTY SUPERIOR COURT; DOUGLAS NORTH,<br><br>　　　　　Defendants. | CASE NO. C21-757 MJP<br><br>ORDER DECLINING TO ISSUE SUMMONS |

This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis, (Dkt. No. 1). The Court granted Plaintiff's motion, (Dkt. No. 6), but must review the Complaint under 28 U.S.C. § 1915(e)(2)(B) before the summons is issued. The Court DECLINES to issue summons because the Complaint fails to state a claim upon which relief can be granted. Therefore, the Court DISMISSES the Complaint without prejudice and GRANTS Plaintiff leave to file an amended complaint within 30 days of this Order. If Plaintiff does not file a proper amended complaint within 30 days, the Court will dismiss this action with prejudice.

1    Once a complaint is filed in forma pauperis, the Court must dismiss it prior to service if it
2    is frivolous or "fails to state a claim on which relief can be granted." 28 U.S.C.
3    § 1915(e)(2)(b)(i)–(ii). A complaint "is frivolous where it lacks an arguable basis either in law
4    or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). To state a claim for relief, a
5    complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a
6    short and plain statement of the claim showing that the claimant is entitled to relief, and a
7    demand for the relief sought. Fed. R. Civ. P. 8(a). The factual allegations of a complaint must
8    be "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v.
9    Twombly, 550 U.S. 544, 555 (2007). In addition, the factual allegations of a complaint must
10   state a claim for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).
11   A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to
12   draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

13   Plaintiff is attempting to sue King County Superior Court Judge Douglas North and King
14   County Superior Court under 28 U.S.C. § 1983. (Dkt. No. 1 ("Complaint").) Plaintiff alleges
15   that Judge North denied her due process and discriminated against her on the basis of disability.
16   (Id. at 2, 4–5.) Plaintiff states she has autism spectrum disorder, anxiety, and attention deficit
17   hyperactivity disorder and alleges Judge North was biased against her because of her disabilities.
18   (Id. at 2, 5, 7.) Her chief complaint is that Judge North permitted the father of her son to move
19   with their son to the Cook Islands. (Id. at 6; see id., Ex. 2.) She seeks an order clarifying King
20   County Superior Court's jurisdiction, an order reinstating a prior custody order, $375,000 in
21   damages, and an order directing King County Superior Court to provide electronic access to its
22   filing system to comply with the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq.
23   (Id. at 11.)

24

ORDER DECLINING TO ISSUE SUMMONS - 2

1    Judges acting in their judicial capacity are entitled to absolute immunity from suit for
2    money damages.  <u>Dennis v. Sparks</u>, 449 U.S. 24, 27 (1980).  Plaintiff states she is suing Judge
3    North in his individual capacity, but she alleges only actions taken in an official capacity with
4    respect to a custody proceeding he presided over.  (Compl. at 4–10.)  For example, she claims
5    Judge North violated her due process rights by refusing to accommodate certain scheduling
6    requests, disparaging her in an order, neglecting to read a motion she filed, and failing to
7    maintain neutrality.  (<u>Id</u>. at 4, 5, 6, 7.)  These are not viable claims because they concern a
8    judge's actions taken in an official capacity.  All Plaintiff's claims against Judge North for
9    actions taken in an official capacity must be dismissed as frivolous because they are without
10   legal basis.

11   In addition, Plaintiff's claims relating to orders in the custody proceeding must be
12   dismissed for lack of jurisdiction.  This Court has no subject-matter jurisdiction to review the
13   merits of a state-court custody order.  See <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544
14   U.S. 280, 291 (2005).  Plaintiff may seek relief in King County Superior Court or the
15   Washington Court of Appeals, as appropriate.  Plaintiff might consider seeking legal advice from
16   an attorney as to her options through the King County Bar Association's attorney referral line
17   (206-267-7010) or www.washingtonlawhelp.org.  Plaintiff might also consider contacting King
18   County Superior Court's Family Law Facilitator's Office (206-263-3542).

19   Plaintiff's allegations regarding disability discrimination are not clear or specific enough
20   to state a claim, so they must also be dismissed.  <u>See</u> Fed. R. Civ. P. 8(a).  Her main objections
21   relate to what she refers to as "scheduling" and remote or electronic access to the proceeding.
22   She claims Judge North refused to "provide access to scheduling" and "has been bizarre and
23   unhelpful in scheduling."  (Compl. at 4.)  Plaintiff also discusses the need for, or increased
24

access to, electronic and automated filing systems.  (Id. at 5, 7, 11.)  Plaintiff states she was sailing in the South Pacific from 2017–19 and that the judge "went out of his way to make electronic communication inaccessible for me to ensure that I could access my child in person and refused to adjust schedule, or make minor amendments to the parenting plan according to ocean need and schedule, because of his denial of access to the electronic filing system . . . ." (Id. at 8.)  She alleges the e-filing system is accessible to attorneys but not pro se litigants.  (Id. at 9.)  Based these contentions, she seeks injunctive relief directing King County Superior Court to comply with the ADA by providing access to the e-filing system.  (Id. at 11.)

Plaintiff has failed to state a claim because she has not alleged facts sufficient to conclude that Judge North has abused his inherent discretionary authority to manage cases before him in a way that discriminates against her based on her disabilities or that she was entitled to a reasonable accommodation to access the court's e-filing system.  Rather, by her own admission, any limitations on her participation would appear to be due to the fact she was sailing in the South Pacific.  In short, she draws no connection between her disabilities and specific actions Judge North took to deny her access to the proceeding or between her disabilities and King County Superior Court's policies or practices regarding parties' access to proceedings.

For these reasons, the Court DECLINES to issue summons, DISMISSES the Complaint without prejudice, and GRANTS Plaintiff leave to file a proper amended complaint within 30 days.  Failure to do so will result in dismissal with prejudice.

The clerk is ordered to provide copies of this order to all parties.

Dated November 2, 2021.

Marsha J. Pechman
United States Senior District Judge