UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGELA MARIE BOVO, | CASE NO. C21-757 MJP |
| Plaintiff, | DISMISSAL ORDER |
| v. | |
| KING COUNTY SUPERIOR COURT, DOUGLAS NORTH, ZANE SANDERSON, | |
| Defendants. | |

This proceeding is before the Court on Plaintiff's proposed amended complaint. (Dkt. No. 17.) The Court must review a proposed complaint filed in forma pauperis under 28 U.S.C. § 1915(e)(2)(B) before summons is issued. The Court again DECLINES to issue summons because the proposed Amended Complaint fails to state a claim upon which relief can be granted. Therefore, the Court DISMISSES the Complaint without prejudice.

In the Amended Complaint, Plaintiff states that she is suing King County Superior Court Judge Douglas North and Zane Sanderson, her ex-husband and father of her child. (Dkt. No. 17, Ex. 1 (Amended Complaint) at 1–5.) She claims Judge North granted Mr. Sanderson's request

1 to change a parenting plan that had granted her full custody of their child and relocate to the
2 Cook Islands, over her objections. (Id. at 4–5.) Plaintiff has filed under seal what appears to be
3 the referenced parenting plan, (Dkt. No. 9, Ex. 4), and an order permitting the child to move to
4 the Cook Islands with the child, (id., Ex. 1). It appears that Plaintiff is unable to locate Mr.
5 Sanderson—or, presumably, their child, because Mr. Sanderson has since moved to New
6 Zealand and did not disclose where he went—and that she has been unsuccessful in obtaining
7 relief from Judge North. (Am. Compl. at 4–5.) She asks the Court to review and modify custody
8 orders and seeks damages of $375,000. (Id. at 5.)

9     Plaintiff has not stated a viable claim against Judge North. As stated in the Court's
10 previous order, (Dkt. No. 16), judges are absolutely immune from damages actions for judicial
11 acts taken within the jurisdiction of their courts. Schucker v. Rockwood, 846 F.2d 1202, 1204
12 (9th Cir. 1988). In addition, this Court has no subject-matter jurisdiction to review the merits of
13 a state-court custody order. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291
14 (2005). If a King County Superior Court Judge makes a legal error, the appropriate procedure is
15 to seek relief in King County Superior Court or the Washington Court of Appeals.

16     It is also not clear that Plaintiff has a claim against Mr. Sanderson. Again, as previously
17 stated, to the extent Plaintiff disagrees with any state-court orders or seeks to modify them, she
18 must seek relief in state court. Any such claims against Mr. Sanderson must be dismissed for
19 lack of subject-matter jurisdiction. See id.

20     Alternatively, if Plaintiff believes Mr. Sanderson has taken their child to the Cook Islands
21 or New Zealand in violation of a valid custody order, she may consider filing an application with
22 the U.S. Department of State to seek relief under the Hague Convention on the Civil Aspects of
23 International Child Abduction. See https://travel.state.gov/content/travel/en/International-
24

Parental-Child-Abduction.html. She may also file a new complaint in state or federal court to enforce any rights she may have under the Convention. 22 U.S.C. § 9003(a). In federal court, she must clearly state the factual and legal support for any such claims as required by Rule 8 of the Federal Rules of Civil Procedure. Because it is not clear from the Amended Complaint that this is what Plaintiff is attempting to do—it appears she seeks modification of the state-court orders—the Court again declines to issue summons.

The proposed Amended Complaint is DISMISSED without prejudice, which means this Order does not prevent Plaintiff from filing a new case based on the allegations she has stated here. The clerk is ordered to provide a copy of this order to Plaintiff and to close this case.

Dated February 7, 2022.

Marsha J. Pechman
United States Senior District Judge