UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANGELA MARIE BOVO,

Plaintiff,

v.

KING COUNTY SUPERIOR COURT, and ZANE SANDERSON,

Defendant.

CASE NO. 21-757

ORDER ON MOTION TO REOPEN AND ENFORCE PARENTING PLAN

This matter is before the Court on Plaintiff, Angela Marie Bovo's, Motion to Reopen Case (Dkt. No. 20.) and her Motion to Enforce a Parenting Plan (Dkt. No. 21.) The Court has reviewed both motions and is fully advised of the issues. The Court DECLINES to reopen the case and enforce the parenting plan.

**BACKGROUND**

These motions are Bovo's third attempt to bring claims in this Court. Previously, Bovo brought an action against King County Superior Court, Judge Douglas North, and Zane Sanderson, her ex-husband and father of her child. (Amended Complaint, Exhibit 1 at 1-5 (Dkt.

No. 17, Ex. 1).) Bovo's grievance with the Court and Judge North stems from his decision to grant Sanderson's request to change a parenting plan and relocate to the Cook Islands with their child. (Id. at 4-5.) The Court held that Bovo failed to state a claim against Judge North upon which relief could be granted. (Order of Dismissal (Dkt. No. 19).) The Court pointed out that judges have absolute immunity from actions for judicial acts taken within the jurisdiction of their courts. (Id. at 2.) The Court also dismissed all claims against Sanderson for lack of subject matter jurisdiction. (Id.) The Court noted that the appropriate procedure for seeking relief from a King County Superior Court Judge is through the King County Superior Court or Washington Court of Appeals. (Id.) The Court then dismissed Bovo's case without prejudice.

**BOVO'S CURRENT MOTIONS**

Bovo's current motions are an attempt to find Federal jurisdiction in this Court for the previous claims. In Bovo's Motion to Reopen, she alleges that she has been discriminated against by King County Superior Court. (Mot. to Reopen at 1.) These alleged acts of discrimination appear to stem from her inability to see or get in contact with her child. (Id. at 3.) Bovo brings the discrimination claim under the Uniform Child Custody Jurisdiction and Enforcement Act, and the Uniform Act. (Id.) She again asks for monetary damages "to repair and restore the relationships." (Id. at 5.) And Bovo asks the Court to enforce a parenting plan. However, that Motion actually appears to be a request to restrict abusive litigation, which is filled out on a King County Superior Court form. (Mot. to Enforce.)

Again, Bovo has not stated a viable claim through which the Court may grant relief. The Court has no subject-matter jurisdiction to review the merits of a state-court custody order. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005). Further, the Uniform Child Custody Jurisdiction and Enforcement Act does not provide an avenue of relief for alleged

discrimination by a state court. As stated in all the prior orders, if Bovo disagrees with any state court order or wishes to modify them, she must seek relief through state court. The Court has no authority to review final judgments of a state court. D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983).

For all the reasons discussed above, Bovo's motions to reopen and to enforce the parenting plan are DENIED.

The clerk is ordered to provide copies of this order to all counsel.

Dated August 25, 2022.

Marsha J. Pechman
United States Senior District Judge